IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TONY KEITH REYNOLDS                                      PLAINTIFF

VS.                                         CIVIL ACTION NO.3:09cv36-JCS

CHRISTOPHER B. EPPS, et al.                                DEFENDANTS

## OMNIBUS ORDER

Plaintiff, a state inmate, brought this action pursuant to § 1983, alleging a myriad of complaints regarding the conditions of his confinement at the Central Mississippi Correctional Facility. The court has held a *Spears*[1] hearing in this matter, and the parties have consented to jurisdiction by the magistrate.

One of Plaintiff's allegations is that Defendant Kalisha R. Washington, a prison law librarian, denied him access to law library materials. However, Plaintiff has failed to specifically allege that Washington's actions actually injured him by preventing him from filing a legally non-frivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, the court concludes that Plaintiff has failed to state a claim against Washington and she should be, and hereby is, dismissed as a defendant.

Plaintiff's motion for preliminary injunctive relief is denied, as the facts alleged by Plaintiff do not tend to show either a substantial likelihood that he will prevail on the merits or a substantial threat that he will suffer irreparable injury if the injunction is not granted. *See Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (setting forth the requirements for preliminary injunctive relief).

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff's motion to amend his complaint is granted, and the complaint is hereby deemed amended to include the allegations in the motion.

This cause is set for a non-jury trial on Wednesday, May 26, 2010 at 9:30 a.m. in the James O. Eastland United States Courthouse, 245 East Capitol Street, Jackson, Mississippi.

Upon motion of Plaintiff, the court shall secure the presence at trial of up to three witnesses who are incarcerated if the court concludes that their testimony is relevant. Plaintiff shall include in any such motion the prisoner identification number and correctional facility in which the witness is housed and shall state in detail the nature of the proposed testimony and how it is relevant to the factual issues of Plaintiff's claim. Any such motion shall be made no later than thirty days prior to trial.

Should any of Plaintiff's witnesses be or become "free world," Plaintiff shall be responsible for securing their voluntary presence at the trial. Should a "free world" witness refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence. No later than thirty days prior to trial, Plaintiff shall submit to the Clerk's office a request for a subpoena to be issued for the witness and returned to Plaintiff. The request shall include the name and address of the witness. The issued subpoena will be returned to Plaintiff, who shall be responsible for having the subpoena served in accordance with Rule 45 of the Federal Rules of Civil Procedure.[2]

Defendants shall, on or before January 29, 2010, serve Plaintiff with a copy of any incident reports, medical records, and any other documents in their possession, custody

---

[2]This procedure includes tendering a check for the witness fee in the amount of $40 plus travel expenses, to the witness at the time the subpoena is served.

or control related to the allegations of the complaint.  No other discovery shall be conducted without leave of court.  Plaintiff's motion to compel discovery responses is hereby denied.

Any dispositive motions shall be served by February 19, 2010.

SO ORDERED this the 7th day of December, 2009.

/s/ James C. Sumner
_____
UNITED STATES MAGISTRATE JUDGE