IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


TONY KEITH REYNOLDS                                              PLAINTIFF

VS.                                            CIVIL ACTION NO.3:09cv36-FKB

CHRISTOPHER B. EPPS, et al.                                     DEFENDANTS


**MEMORANDUM OPINION**

Plaintiff is a state inmate in the custody of the Mississippi Department of
Corrections (MDOC) and housed at Central Mississippi Correctional Facility (CMCF).
Defendant Christopher Epps is the MDOC commissioner; Defendants Rufus Burkes, Jr.
and Brian Ladner are the deputy warden and associate warden, respectively, at CMCF.
Reynolds  brought this action against them pursuant to § 1983 complaining of numerous
conditions at the prison:  Reverse racial discrimination, gender discrimination, inadequate
housing and overcrowding, inadequate law library and legal assistance, inadequate
inmate disciplinary procedures, inadequate protection from other inmates, and
unconstitutional suicide watch conditions.  Reynolds also alleged that he had been
assaulted by guards, that he had been denied medical and dental care, that his personal
property had been lost by prison officials, and that he was kept on suicide watch for thirty
days without a mattress or tissues. The case was tried before the undersigned, the
parties having consented to jurisdiction by the magistrate judge pursuant to 28 U.S.C. §
636(6).

At trial, Plaintiff testified first concerning his medical claims.  According to Plaintiff,
in 2007 while he was incarcerated at South Mississippi Correctional Institute (SMCI), he

developed a problem with one of his wisdom teeth. Following examination by a dentist and x-rays, the dentist opined that he should be seen by an oral surgeon and stated that he would make an appointment for him. The dentist prescribed penicillin and ibuprofen. In August of 2007 Reynolds was transferred to CMCF. He has not yet been seen by an oral surgeon.

Reynolds also testified concerning his placement on suicide watch. Although the circumstances leading up to this event were not entirely clear, he indicated that a physician by the name of Dr. Sandhu ordered the placement after Plaintiff experienced some severe side effects from medication. Reynolds testified that he stayed on suicide watch for three days and then was transferred to a single-man cell in lockdown for 28 days. During this time he was denied toothpaste, a toothbrush, and toilet paper. Apparently it was during this period that all of his personal property was lost while he was out of his cell for visitation. Plaintiff testified that while in lockdown he was assaulted by two unnamed prison officers.

Plaintiff's testimony in support of his claims of reverse discrimination, inadequate legal assistance, inadequate inmate disciplinary procedures, and inadequate protection was brief and very general. He testified that black inmates receive better job assignments than white inmates, that officers give rule violation reports (RVRs) to white inmates that they would not have given to black inmates, that he received an RVR that was not properly investigated by prison officials and in defense of which he was not allowed to put on evidence, that he was denied legal assistance when he asked for it, and that he was jumped on one night by another inmate when he refused to light the inmate's cigarette.

2

His gender discrimination testimony consisted of his complaint that female guards at the prison observe male inmates in the shower and toilet facilities, whereas male guards are not placed in positions where they can observe female inmates in these situations. Concerning overcrowding and general prison conditions, Plaintiff stated that there are 90 inmates on a zone, that some are assigned to top bunks who should not be there, that there are not enough electrical outlets, and that there are broken shower nozzles and a broken sink.

Reynolds' testimony concerning his assault allegations consisted of a statement that on one occasion an officer jumped on him and allowed a female officer to kick him, and that on another occasion two officers assaulted him. On cross examination he claimed that he was denied medical treatment after one of these assaults. Plaintiff did not testify that any of the defendants were involved in these incidents.

Defendant Burkes, the deputy warden for the prison, testified that he did not know Reynolds, had no involvement in his medical care or denial thereof, and no involvement with the inmate legal assistance program. His only involvement with Plaintiff was in the capacity of responding to grievances filed by Plaintiff. In response to a grievance concerning placement in protective custody and loss of property, Burkes stated that he would request a copy OF the receipt for property confiscated from Plaintiff. He also responded to a grievance by Reynolds which apparently complained about the assignment of inmates to death row and to jobs in the barber shop. Burkes stated in his response that the claims had no merit. Defendant Ladner testified that he had no role in medical care, job assignments, disciplinary procedures or legal assistance, other than to

3

deliver requests to the law library.

Both Burkes and Ladner addressed the role of female guards in the prison. They explained that female officers, which make up approximately 60 percent of the total number of guards, are traditionally assigned to the towers for observation, rather than positions involving more direct contact with male inmates.

Dr. Robert Moore, the medical director for CMCF, testified concerning Plaintiff's claims of denial of medical and dental care. He explained that Plaintiff was evaluated for wisdom tooth pain while he was incarcerated at SMCI. The dentist who examined him concluded that conservative management was appropriate because the tooth was very close to a nerve. Although the dentist made a consultative request to an oral surgeon, Reynolds was apparently transferred before he could be seen. However, he was evaluated by the dentist at CMCF. The CMCF dentist stated that the tooth did not appear to be causing him problems at the time and that surgery was not recommended at the time because of the close proximity of the tooth to a nerve. Plaintiff's records indicated several followup visits concerning this condition.

Plaintiff's evidence establishes no more than that he is unhappy with certain conditions and realities of prison life. He has failed to come forward with any evidence of a specific constitutional violation by any defendant or any evidence of prison conditions so harsh that they violate the eighth amendment. For these reasons, judgment will be entered for Defendants. A separate judgment will be entered.

So ordered, this the 22nd day of July, 2010.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

4